# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-3274

SYNERGY ASSOCIATES, INC., ALBERT A. MITSOS, and EFACT, INC.,

*Plaintiffs*,

v.

SUN BIOTECHNOLOGIES, INC., SCOTT J. ZEFF,
and MARY ROSE CUSIMANO,

*Defendants*.

JAMES D. ADDUCCI,

*Movant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 3320—**George W. Lindberg**, *Judge.*

———————

ARGUED NOVEMBER 5, 2003—DECIDED NOVEMBER 26, 2003

———————

Before FLAUM, *Chief Judge*, BAUER and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* James Adducci was permitted to withdraw as retained counsel for Mary Cusimano due to the non-payment of attorney's fees. Three weeks later, the district court appointed him to represent her

pro bono and overruled his objection to the assignment.[1] While we encourage appointments under the district court's pro bono service program, we reverse its appointment of Mr. Adducci in this case because the appointment did not comply with the Northern District of Illinois's Local Rules.

## I.  BACKGROUND

James Adducci represented Mary Cusimano and Medical Technologies Unlimited, Inc. (MTU), her employer, in a commercial dispute brought by creditors of Ms. Cusimano's failed business. MTU initially agreed to compensate Mr. Adducci for his representation but refused to pay any further fees once it settled plaintiffs' claims against MTU. At this point, Mr. Adducci had incurred over $93,000 in fees and expenses. Ms. Cusimano informed Mr. Adducci that she was not able to pay the fees for his past or future representation, and he filed a motion to withdraw as counsel. The district court granted this motion on June 18, 2003, and informed Ms. Cusimano that her counsel was withdrawing from her case. The court also asked if she was going to proceed *pro se* or attempt to obtain new counsel. Ms. Cusimano indicated she was going to seek new counsel but if she couldn't find new counsel then would proceed *pro se*. The court advised Ms. Cusimano that she also could "petition the Court for appointment of counsel if [her] affidavit demonstrate[d] that [she was] without funds to hire an attorney."

---

[1] This court has jurisdiction over Mr. Adducci's appeal under the collateral order doctrine outlined in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546-47 (1949). *See Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 539-40 (7th Cir. 2002). All proceedings on the underlying case have been stayed, pending the resolution of Mr. Adducci's appeal.

Three weeks later, during a status hearing on July 9, 2003, which Ms. Cusimano attended by telephone, the district court again asked whether Ms. Cusimano had obtained new counsel or was going to proceed *pro se*. Ms. Cusimano indicated that she was "talking to two different attorneys . . . [and] [i]t's just financial arguments that I am trying to make," but she also informed the court that she had "filled on [sic] the paperwork that the Court instructed [her] to see if an attorney could be appointed." The court asked Ms. Cusimano to provide a status report on her ability to obtain new counsel on July 30, 2003, and Ms. Cusimano agreed to do so and acknowledged the deadline.

Immediately following this exchange, Ms. Cusimano asked about the status of two counts in the plaintiffs' complaint that she thought had been resolved by MTU's settlement and her success at summary judgment. Plaintiffs responded that the two claims remained active against Ms. Cusimano. Then the following exchange occurred:

> *The Court*: Okay. Well, this is a little involved. I think what we're going to do under this Court's authority to appoint counsel in this case for Ms. Cusimano because there are going to be technical legal issues here arising. And the Court has examined the records for the appointment for attorneys and it appears that Mr. Adducci has not served as an appointed attorney, so the Court is going to appoint him as the attorney for Ms. Cusimano which, of course, will satisfy his obligation to serve as an appointed counsel [as required] as a member of the bar of this court.
>
> *Ms. Cusimano*: Thank you so much, your Honor.
>
> *The Court*: All right. And then on the other hand, you are still to report to the Court whether you want to retain counsel, so that particular aspect of

the order remains in place. But in the meantime, the Court will be in touch with Mr. Adducci and indicate that he has been appointed under the rules of the court to represent you.

On July 22, 2003, shortly after he was notified by the district court of his appointment as Ms. Cusimano's pro bono counsel, Mr. Adducci filed a motion for relief from appointment, arguing that the pro bono appointment did not comply with Local Rule 83.36. *See* U.S. DIST. CT. (N.D. Ill.) LOCAL R. 83.36. Mr. Adducci noted that Ms. Cusimano had not asked for counsel to be appointed, had indicated that she intended to seek and retain other counsel, and had retained counsel in a related Florida lawsuit without pro bono representation. On July 27, 2003, Ms. Cusimano filed an *In Forma Pauperis* application and financial affidavit with the district court. Two days later, the district court denied Mr. Adducci's motion for relief from appointment as pro bono counsel. In denying the motion, the district court stated:

James D. Adducci's motion for relief from appointment is denied. Defendant Cusimano made very clear her desire to have counsel appointed for her, both at the hearing at which Mr. Adducci was appointed and in her Opposition [to Mr. Adducci's motion]. Moreover, Mr. Adducci has specific expertise necessary to this case—that expertise being his knowledge of this very case. Any other attorney will require a substantial period of time to become familiar with the case, which will inevitably delay preparation of the final pretrial order and the trial of this case. As a member of this court's bar, Mr. Adducci has a duty to accept pro bono appointments. . . . Appointment in this case will likely cause less hardship than appointment in another case would because of how far along this case has progressed. The court sees no basis for relieving Mr. Adducci from this appointment.

## II. ANALYSIS

Civil litigants generally have no right to free legal aid in civil lawsuits. *See Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002). In an effort to ensure that all deserving litigants, including those without financial means, have access to counsel in the federal court system, the Northern District's pro bono program requires all members of its trial bar to "be available for appointment by the court to represent or assist in the representation of those who cannot afford to hire a member of the trial bar." U.S. DIST. CT. (N.D. Ill.) LOCAL R. 83.11(g).[2] The Local Rules provide the mechanisms for court-appointed representation, *see id.* LOCAL R. 83.36(a), and assignment of attorneys. *See id.* LOCAL R. 83.36(c)-(f).

An applicant for court-appointed counsel must fill out an application which includes affidavits stating "the party's efforts, if any, to obtain counsel by means other than appointment" and the party's financial status. *See id.* Local R. 83.36(a). The district court judge then considers several factors in making the appointment, including: (1) the potential merits of the claims; (2) the factual or legal complexity of the matter; (3) the capability of the *pro se* litigant to present the case; (4) the litigant's inability to retain counsel by other means; (5) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel; and (6) any other factors deemed appropriate by the judge. *See id.* LOCAL R. 83.36(c). Once the judge determines that appointment of counsel is warranted, an order is entered, *see id.* LOCAL R. 83.36(d),

---

[2]  Appointments under this rule are made "in a manner such that no member of the trial bar shall be required to accept more than one appointment during any 12 month period." *Id.*

and the clerk of the court selects a member of the trial bar from a previously identified panel of eligible attorneys. *See id.* LOCAL R. 83.36(e). The judge may direct the appointment of a trial bar attorney with such expertise regardless of whether he or she is a member of the current panel if the judge finds that "the nature of the case requires specific expertise." *See id.* LOCAL R. 83.36(d)(2)-(3).

Here, the method by which the judge made Mr. Adducci's appointment, and his justification for selecting him as Ms. Cusimano's attorney did not comply with the pro bono appointment procedures. First, at the time the district court appointed Mr. Adducci as pro bono counsel, Ms. Cusimano had only indicated that she had filled out the application, not that she had submitted it to the district court for consideration. *See id.* LOCAL R. 83.36(a). Indeed, Ms. Cusimano twice informed the court (both before and after Mr. Adducci appointment) that she would continue to seek retained counsel and, in accordance with the court's direction, would inform the court whether she had obtained such counsel. Ms. Cusimano filed her *In Forma Pauperis* application and financial affidavit before the court ruled on Mr. Adducci's motion for relief from appointment. However, the district court did not find that she had "demonstrate[d] that [she was] without funds to hire an attorney," but only indicated that she had "made clear her desire to have counsel appointed for her." Based on this record, it does not appear that the court properly evaluated Ms. Cusimano's request for an appointment of pro bono counsel, either before or after it appointed Mr. Adducci to represent her.

The district court's determination that Mr. Adducci had "specific expertise" to justify appointment in this case was also incorrect. In denying Mr. Adducci's motion for relief from appointment, the district court stated that he had the "specific expertise" of "being . . . knowledge[able] [about] this very case," but that is not the type of "expertise" for

which the Local Rules provide. Rather, a judge is expected to employ the normal assignment process as provided in Local Rule 83.36(e) (appointment from a pre-selected panel), unless the judge determines that a member of the trial bar has expertise in the specific *area* of law associated with a complex legal action. *See id.* LOCAL R. 83.36(d) ("The judge may specify in the order of appointment an *area* of expertise or preference so that the clerk may select a prospective appointee who indicated such *area*, if one is available.") (emphasis added). Mr. Adducci's special or specific knowledge of Ms. Cusimano's case, a run-of-the-mill creditor's lawsuit, as opposed to his particular expertise in an area of law, is not the type of expertise for which counsel's appointment is appropriate, and is not justified when the court previously permitted him to withdraw as counsel for his client's failure to pay fees. If we upheld the district court's interpretation, any attorney permitted to withdraw as retained counsel for any reason would immediately be eligible for appointment as pro bono counsel. Appointment under that circumstance would override the legitimate reasons for withdrawal as retained counsel in the first place.

### III.  CONCLUSION

For the reasons stated in this opinion, the district court's appointment of Mr. Adducci as pro bono counsel in this case is REVERSED.

A true Copy:

     Teste:

                  _____
                  *Clerk of the United States Court of*
                      *Appeals for the Seventh Circuit*